# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>APPROXIMATELY $9,956.00 IN U.S. CURRENCY,<br><br>        Defendant. | Case No.  1:13-cv-00268-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED<br><br>ECF NO. 10<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

On September 9, 2013, Plaintiff United States of America ("Plaintiff") filed a motion seeking default judgment in this forfeiture action.  (ECF No. 10.)  This matter has been referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b) and Local Rule 302.

Since no one has appeared in this matter then pursuant to Local Rule 540(d) and 230(g) the Court finds that this matter is appropriate for adjudication upon the record and brief on file and therefore vacates the hearing scheduled for September 27, 2013.  For the reasons set forth below, the Court recommends that Plaintiff's motion for default judgment be granted.

/ / /

/ / /

/ / /

1

## I.

## BACKGROUND

This action is an <u>in rem</u> forfeiture action pursuant to 21 U.S.C. § 881(a)(6) relating to currency traceable to a violation of 21 U.S.C. § 841, <u>et seq</u>. The property named as a defendant in this action is Approximately $9,956.00 in U.S. Currency ("the Defendant Currency"). The Defendant Currency was seized on September 25, 2012 at 4114 South Arden Avenue in Fresno, California ("the South Arden Residence"). On September 25, 2012, law enforcement agents served a federal search warrant for the South Arden Residence, which was the residence of Pablo Estrada ("Estrada"). Estrada was found and arrested inside the South Arden Residence during the execution of the search warrant.

On October 11, 2012, Estrada was indicted with violations of 18 U.S.C. §§ 922(g) and 922(j) (felon in possession of firearms and possession of stolen firearms) along with other related charges. During a post-Miranda interview with law enforcement officials, Estrada admitted that he sold crystal methamphetamine and cocaine.

On February 22, 2013, Plaintiff filed the complaint in this action. (ECF No. 1.) On March 14, 2013, a warrant for the arrest of the Defendant Currency was issued. (ECF No. 3.) The warrant was executed on March 18, 2013. (ECF No. 4.)

Public notice of this action and the arrest of the Defendant Currency was published on the official internet government forfeiture site for at least 30 consecutive days. Plaintiff also delivered notice to Estrada via mail delivered to his last known address at the South Arden Residence and by mail to Estrada's attorney in the administrative forfeiture proceedings, Mario DiSalvo. There have been no claims filed by Estrada or any other person or entity. On May 29, 2013, default was entered against Estrada. (ECF No. 8.)

## II.

## DISCUSSION

### A.   Sufficiency of the Complaint

Plaintiff contends that forfeiture is appropriate pursuant to 21 U.S.C. § 881(a)(6). Section 881(a)(6) states that currency traceable to an exchange of a controlled substance is

2

subject to forfeiture to the United States.  The Court finds that the complaint alleges sufficient facts to demonstrate that the Defendant Currency is subject to forfeiture because it is traceable to the illegal sale of controlled substances.  See 21 U.S.C. § 841, et seq. (prohibiting manufacture, distribution and possession of controlled substances).

### B.    Sufficiency of Notice

The sufficiency of notice in forfeiture actions is governed by the Local Rules and the Supplemental Rules for Certain Admiralty and Maritime Claims.  Local Rule 500(d) states that "Supplemental Rule G governs civil forfeiture actions."  Federal Rule of Civil Procedure Supplemental Rule G(4) authorizes notice by publication on an official internet government forfeiture site for at least thirty (30) consecutive days.  In this case, the Court finds that Plaintiff properly published notice at the official internet government forfeiture site (www.forfeiture.gov) for thirty consecutive days.

The Due Process Clause of the Fifth Amendment requires additional procedural safeguards where the owner of the property is known.  U.S. v. Real Property, 135 F.3d 1312, 1315 (9th Cir. 1998).  In such cases, "the Government must employ such notice 'as one desirous of actually informing the absentee might reasonably adopt to accomplish it.'"  Id. (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950)).  Federal Rule of Civil Procedure Supplemental Rule G(4)(b)(iii) provides:

> **(b)    Notice to Known Potential Claimants**
> ...
> **(iii) Sending Notice.**
>
> **(A)**    The notice must be sent by means reasonably calculated to reach the potential claimant.
> **(B)**    Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case.
> ...
> **(D)**    Notice to a person arrested in connection with an offense giving rise to the forfeiture who is not incarcerated when notice is sent may be sent to the address that person last gave to the agency that arrested or released the person.

1  In this case, the Court finds that Plaintiff properly sent notice, via certified mail, to Estrada's
2  attorney in the administrative forfeiture proceeding as well as to Estrada's last known address at
3  the South Arden Residence.  Further, Estrada received actual notice of this forfeiture action
4  because he was present at the time of the seizure and was interviewed regarding the Defendant
5  Currency.

### C.   Default and Default Judgment

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions do not include any provisions relating to default and default judgments in forfeiture actions. However, Supplemental Rule A(2) provides that the Federal Rules of Civil Procedure apply "except to the extent that they are inconsistent with these Supplemental Rules."  Federal Rule of Civil Procedure Supplemental Rule A(2).

Federal Rule of Civil Procedure 55(a) authorizes the entry of default against a party who has failed to plead or otherwise defend.  Federal Rule of Civil Procedure Supplemental Rule G(5) provides that any person who wishes to contest a forfeiture must file a claim with the Court "by the time stated in a direct notice sent under Rule G(4)(b).  The March 14, 2013 Notice of Forfeiture Action stated that Plaintiff's claim must be filed no later than thirty-five (35) days after the date of the notice.  (Decl. of Autumn Magee in Supp. of Req. to Clerk for Entry of Default Against Pablo Extrada, Ex. A.)  On May 21, 2013, Plaintiff sought and obtained entry of default against Estrada pursuant to Federal Rule of Civil Procedure 55(a).  (ECF Nos. 6, 8.)

Federal Rule of Civil Procedure 55(b)(2) permits a party to apply to the Court for a default judgment.  In this case, the Court finds that Plaintiff properly sought and obtained entry of default and is entitled to entry of default judgment pursuant to Rule 55(b)(2).

A successful plaintiff in an in rem forfeiture action is entitled to a judgment against the property, Waterloo Distilling Corp. v. U.S., 282 U.S. 577, 581 (1931), and the judgment affects the interests of all other persons in the property, Hanson v. Denkla, 357 U.S. 235, 246 n.12 (1958).  In this case, the Court finds that Plaintiff is entitled to default judgment against the interests of Estrada and all other persons with respect to the Defendant Currency, resulting in all right, title and interest in the Defendant Currency vesting in Plaintiff.

## III.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff United States of America's September 9, 2013 motion for default judgment be GRANTED; and

2. DEFAULT JUDGMENT be entered in favor of Plaintiff United States of America.

These findings and recommendations are submitted to the district judge assigned to this action pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **September 11, 2013**

UNITED STATES MAGISTRATE JUDGE